**BLUE et al.**

v.

**CASTLEROCK PROPERTIES, INC.**

Hamilton County Municipal Court.

No. 95 CV 5405.

Decided Feb. 20, 1996.

*Beckman, Weil, Shepardson & Faller* and *Margaret A. Hilvert,* for plaintiffs.

*Green & Green* and *Jennifer L. Layton,* for defendant.

TIMOTHY S. BLACK, Judge.

This civil matter having come on for trial upon plaintiffs' supplemental complaint, the court hereby enters its findings of fact and conclusions of law.

Plaintiffs' supplemental complaint alleges specifically that the defendant landlord raised plaintiffs' rent so as to retaliate against plaintiffs for their filings of

legal actions against the landlord.[1] Such retaliatory conduct, as alleged, is obviously proscribed by elemental landlord-tenant law. R.C. 5321.02.

At trial upon the supplemental complaint, plaintiffs called three witnesses: plaintiff Norma Johnson Blue and two former Castlerock employees, Paula Griffey[2] and Janet Downing.[3]

Both Castlerock employees testified that the landlord raised plaintiffs' rent spitefully. Griffey, at that time a Castlerock assistant manager, testified that she presented the plaintiffs' lease to the landlord for its annual review with the admonition: "This is Norma Johnson's lease, the lady who is always suing you." The landlord's response, according to both witnesses, was, "Well, let's give her a wedding present," to wit: a $35 per month rent increase. The plaintiffs presented further credible testimony and evidence that no other tenant similarly situated to plaintiffs ever received a rent increase, and, further, that plaintiffs were already paying the highest rent at the complex for a two-bedroom apartment before the increase. Plaintiffs paid one month of increased rent and then moved.

Defendant, not prevailing upon its motion for a directed verdict, presented the testimony of Michael Davis, president of defendant Castlerock. Davis testified that his motive in raising plaintiffs' rent was not retaliatory, but simply guided by the economic principle of charging such rent as the market would bear. Davis

---

1. Plaintiffs' original complaint, filed February 26, 1995, alleged that the landlord breached its duty to provide reasonable security to plaintiffs by failing to provide acceptable window locks, thereby occasioning a burglary of plaintiffs' leased premises. On June 16, 1995, this court set a trial date of August 22, 1995. Three weeks later, on July 5, 1995, defendant raised plaintiffs' rent by $35 per month. Plaintiffs thereupon moved for and were granted leave to file a supplemental complaint alleging retaliation. Trial upon the complaint only was had in August, whereupon the court entered judgment against the plaintiffs and for the defendant. See *Shroades v. Rental Homes, Inc.* (1981), 68 Ohio St.2d 20, 22 O.O.3d 152, 427 N.E.2d 774. Trial upon the supplemental complaint for retaliation was continued to the present.

2. Paula Griffey worked for the defendant for about six months, ultimately as assistant manager for her last two and a half months. Griffey testified for the plaintiffs at their original trial upon the complaint relating to the alleged lack of safety at the plaintiffs' apartment. Although plaintiffs did not prevail, Griffey presented testimony damaging to the defendant at that trial. As soon as Griffey left the stand at the original trial, she was arrested outside the courtroom by a Cincinnati police officer who also moonlights for the defendant. Griffey was arrested for felony theft, allegedly related to stealing from the defendant. Ultimately, the grand jury ignored the charge, failed to return an indictment, and Griffey was released.

3. Janet Downing worked for the defendant for about six months as office manager. According to her trial testimony, she last worked for defendant on December 14, 1995, on which day defendant's management screamed at her for performing poorly in landlord-tenant court, admonishing her that she should have lied under oath in order to prevail in court. Shortly before Downing's trial testimony herein, the same Cincinnati police officer arrived in the courtroom, ostensibly as a potential rebuttal witness. When Downing took the stand, she was crying.

also testified to similar rent increases imposed upon other tenants, which tenants, however, he could not identify. None of Davis's substantive testimony was credible.

Retaliation is not often proved by direct evidence, but the law, of course, recognizes no difference between circumstantial evidence and direct evidence. *State v. Jenks* (1991), 61 Ohio St.3d 259, 574 N.E.2d 492. Here, having weighed the credibility of the witnesses, and having expressly found the defendant's testimony not to be credible, the court concludes that the defendant increased plaintiffs' rent so as to retaliate against them for, *inter alia,* initiating legal actions against the landlord. The law not countenancing such conduct (see R.C. 5321.02), judgment shall be entered for plaintiffs and against defendant upon the supplemental complaint in the amount of $35, plus court costs, by separate judgment entry.

Further, this matter is set on February 21, 1996 at 1:00 p.m. for an evidentiary hearing on plaintiffs' request for recovery of reasonable attorney fees.

SO ORDERED.

*Judgment accordingly.*